UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO TYSON | CIVIL ACTION |
| VERSUS | NO. 08-4445 |
| ROBERT C. TANNER-WARDEN, JEFFERY TRAVIS-EX WARDEN, JAMES LEBLANC-SECRETARY, RICHARD STALDER-EX SECRETARY, TIM CRAWFORD-MAJOR, WADE RIGDON-CAPTAIN, THE STATE OF LOUISIANA | SECTION "I"(4) |

### REPORT AND RECOMMENDATION

Contemporaneous with the filing of the complaint in this matter, the *pro se* plaintiff, Antonio Tyson ("Tyson"), filed two **Motions for Summary Judgment (Rec. Doc. Nos. 5 and 10)**. In these motions, Tyson seeks summary judgment declaring that DOC Regulations B-05-003 and C-02-008, RCC Posted Policy #25, and the Restitution and Restrictive Visitation policy without disciplinary proceedings and the right to appeal violate the Due Process Clause. He also seeks reimbursement of costs and restitution paid for non-positive drug tests and compensatory damages. Tyson also filed another **Motion for Summary Judgment II (Rec. Doc. No. 7)**, in which he alleges that he has been deprived of access to and use of the prison's Administrative Remedy Procedure to remedy the unconstitutional searches of his cell.

The motions, along with the entire case, was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  The Court has determined that the motion can be resolved without an evidentiary hearing.

## I.     Factual Background

Tyson is an inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.  Tyson filed this suit pursuant to Title 42 U.S.C. § 1983 against Warden Robert C. Tanner, former Warden Jeffery Travis, Secretary James Leblanc of the Louisiana Department of Corrections ("DOC"), former Secretary Richard Stalder, Major Tim Crawford, Captain Wade Rigdon, and the State of Louisiana through Attorney General Charles Foti.[1]

Tyson alleges that, on March 14, 2007, he was found guilty of possession of his own prescription medication, Catapress, and was sentenced by the RCC disciplinary board to serve 10 days in isolation and loss of 60 days of good time credits.  He was also placed on non-contact visitation and restitution of drug testing per institution policy for six months.

Tyson further claims that, on July 23, 2007, he was again charged with possession of Catapress and sentenced to 10 days isolation and loss of 60 days of good-time credits.  He was again placed on non-contact visitation and restitution of drug testing per institution policy for six months.

He alleges that, on December 6, 2007, he was again found in possession of medication and sentenced to 20 days in isolation.  He was also notified that he was administratively placed on non-contact visitation and restitution of drug testing per institution policy for six months.

---

[1] Rec. Doc. Nos. 1,6.

Tyson further alleges that, five months later on March 5, 2008, he was found guilty a fourth time of possession of Catapress and sentenced to 30 days in isolation. He was again placed on non-contact visitation and restitution of drug testing per institution policy for six months.

He claims that his rights were violated during these proceedings, because he was deprived of his appellate rights without notice and waiver. He further alleges that the imposition of restitution and non-contact visitation by the prison administration was arbitrary, unconstitutional, and violated Louisiana law.

He also alleges that the prison administrative process denies him the ability to seek redress in state and federal courts if he has failed to timely pursue prison remedies. Under a broad reading of the amended complaint, he suggests that he was not advised of the administrative appellate process by RCC officials and was therefore deprived of his appellate rights and judicial review.

Tyson alleges that he filed a grievance complaint with the prison officials. He claims that, on September 6, 2008, the Warden's office erroneously rejected the grievance. He now seeks declaratory and injunctive relief with respect to the imposition of restitution and non-contact visitation and monetary damages.

## II.  Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Fields v. City of Southern Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49

(1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id*. at 248.

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp.*, 477 U.S. at 324. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

**III.     Analysis**

Through the pending motions, Tyson asserts that he is entitled to summary judgment essentially based on the allegations in his complaint. He has not filed any relevant supporting

affidavits or other competent evidence to establish any of the facts of his case.[2] He merely attached to his first motion a myriad of documents from his disciplinary proceedings and from proceedings filed by another inmate.[3] He has submitted nothing in support of his second and third motions.

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." FED. R. CIV. P. 56(a). The rule further provides that the motion may be filed at any time after "20 days have passed from commencement of the action." *Id*. The plaintiff's first motion, without supporting affidavits, was filed contemporaneously with the complaint.[4] The second motion was filed after the complaint but prior to service of the summons. The motions are premature.

In addition, district courts are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers. *Kuperman v. ICF International*, No. 08-565, 2008 WL 647557, at *1 (E.D. La. Mar. 5, 2008) (Barbier, J.) (*citing* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298-99 (1998)); *Wartsila v. Duke Capital LLC*, No. H-06-3908, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007). Deferring the ruling on a motion for summary judgment filed before parties have answered is appropriate where the district court finds that the motion is premature. *Id*.; *see also*, *Matini v. Reliance Standard Life Ins. Co.*, 1:05CV944(JCC), 2005 WL 2739030 (E.D. Va. Oct. 24, 2005); *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981). A district court ". . . must not grant a summary judgment upon motion

---

[2]The affidavit and administrative documents from inmates Emile Raby and Richard Lay attached to the first motion are not competent to establish any of Tyson's claims nor relevant to Tyson personal situation. Rec. Doc. No. 5-3, pp. 5-6, 32-49, 51-76.

[3]*Id*.

[4]The docket sheet actually reflects that it was file stamped prior to the complaint because of the delay in processing the pauper application submitted with the complaint.

therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951).

As of this writing, there have been no answers filed. The Court withheld issuance of summons at the filing of the suit pending its statutory review for frivolousness upon completion of the *Spears* Hearing set for November 3, 2008. This too renders Tyson's motions to be premature.

For the foregoing reasons, the Court finds that Tyson's motions are premature and otherwise unsupported, leaving genuine issues of fact to be resolved.

## IV. Recommendation

It is therefore **RECOMMENDED** that Tyson's **Motion for Summary Judgment (Rec. Doc. No. 5)**, **Motion for Summary Judgment II (Rec. Doc. No. 7)**, and **Motion for Summary Judgment III** be **DENIED** without prejudice as premature.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 31st day of October, 2008.

                              **KAREN WELLS ROBY**
                        **UNITED STATES MAGISTRATE JUDGE**