| | |
|---|---|
| **ANTONIO TYSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4445** |
| **ROBERT C. TANNER-WARDEN, JEFFREY TRAVIS-EX WARDEN, JAMES LEBLANC-SECRETARY, RICHARD STALDER-EX SECRETARY, TIM CRAWFORD-MAJOR, WADE RIGDON-CAPTAIN** | **SECTION "I"(4)** |

## O R D E R

Before the Court is an ex parte **Motion for Reconsideration (Rec. Doc. No. 56)** filed by the plaintiff, Antonio Tyson, requesting the undersigned reconsider certain matters addressed in the Report and Recommendation (Rec. Doc. No. 37) issued August 7, 2009. Specifically, Tyson wishes the Court to reinstate his 42 U.S.C. § 1983 claims against defendants, former Department of Corrections Secretary Richard Stalder and Secretary James LeBlanc, in their individual capacities. He argues that these defendants denied his appeal and formulated the prison disciplinary regulations regarding non-contact visitation which he claims violated state law and denied him due process.

In the prior Report and Recommendation, after a thorough review of the record, it was recommended, *inter alia*, that Tyson's § 1983 claims against the defendants Stalder and LeBlanc, each in their individual capacity, be dismissed with prejudice as frivolous and for failure to state a

claim for which relief can be granted pursuant 28 U.S.C. § 1915 and § 1915A, and 42 U.S.C. §

1997e.  The claims he seeks to reassert are the same as those already considered.

Tyson did **not** file objections to the Report and Recommendation.  On August 31, 2009, the

District Judge adopted the Report and Recommendation and issued an Order (Rec. Doc. No. 41)

dismissing the claims as recommended.

It is settled in this circuit that a party who fails to file objections to a Report and

Recommendation is prohibited from later attacking the proposed factual findings and legal

conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79

F.3d 1415, 1430 (5th Cir. 1996).  It is too late now for Tyson to attempt to object to the findings and

conclusions in the Report which have already been adopted and ordered.

Furthermore, even if this motion is considered as one seeking relief from the District Court's

order under Fed. R. Civ. P. 60(b), Tyson has failed to establish entitlement to relief.  Fed. R. Civ.

P. 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> a.  mistake, inadvertence, surprise, or excusable neglect;
> b.  newly discovered evidence that, with reasonable diligence, could not have
>     been discovered in time to move for a new trial under Rule 59(b);
> c.  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
>     misconduct by an opposing party;
> d.  the judgment is void;
> e.  the judgment has been satisfied, released or discharged; it is based on an
>     earlier judgment that has been reversed or vacated; or applying it
>     prospectively is no longer equitable; or
> f.  any other reason that justifies relief.

Tyson has not alleged facts to support any of the listed reasons provided for under Rule

60(b)(1) through (5).  He also fails to indicate any reasons which would otherwise justify relief.  He

simply wishes to reurge claims already considered and found to lack a basis for pursuing his claims

against Stalder and LeBlanc in their individual capacities.  He simply attempts to restate the same baseless theories of liability which have already been rejected.  His motion is without merit.  Accordingly,

**IT IS ORDERED** that Tyson's **Motion for Reconsideration (Rec. Doc. No. 56)** is **DENIED**.

New Orleans, Louisiana, this __5th___ day of January, 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**