UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO TYSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4445** |
| **ROBERT C. TANNER-WARDEN, JEFFERY TRAVIS-EX WARDEN, JAMES LEBLANC-SECRETARY, RICHARD STALDER-EX SECRETARY, TIM CRAWFORD-MAJOR, WADE RIGDON-CAPTAIN** | **SECTION "I"(4)** |

## SUPPLEMENTAL AND AMENDED
## PARTIAL REPORT AND RECOMMENDATION

On May 7, 2010, the undersigned issued a Partial Report and Recommendation (Rec. Doc. No. 101) addressing the **Motion for Partial Dismissal (Rec. Doc. No. 44)** filed by the defendants, former Secretary Richard Stalder, Secretary James LeBlanc, Warden Robert Tanner, former Warden Jeffery Travis, Major Tim Crawford, and Captain Wade Rigdon. Upon further consideration, the Court issues this Report to clarify Section IV(F) and the Recommendation in the prior Partial Report (Rec. Doc. No. 101). Specifically, the Court hereby supplements and amends its reasons addressing the defendants' Motion for Partial Dismissal related to the remaining state law claims against defendants Travis, Tanner, Crawford, and Rigdon. The Court also herein references and adopts all other portions of the prior Partial Report and Recommendation (Rec. Doc. No. 101) as if restated in full herein.

**I.      Dismissal of Remaining State Law Claims (Section IV(F) of Rec. Doc. No. 101)**

The defendants argue that, to the extent Tyson asserts state law claims arising from the visitation policy, his claims should also be dismissed.  According to the defendants, Louisiana law also affords great deference to the administrative decisions of the prison officials in implementing restrictions on visitation for the purpose of preventing exchange of contraband between inmates and their visitors, citing *State v. Pitts*, 263 La. 38, 41, 267 So. 2d 186, 187 (La. 1972).

While the prison officials do have authority to implement restrictive visitation, the issue presented to this court is whether the imposition of restrictive visitation was proper when imposed against Tyson without a hearing or due process, and under the particular facts of this case.  Tyson continues to argue that his medication, which was provided to him by the prison, did not constitute the type of contraband sought to be restricted by these laws and regulations.

The Court again finds this sufficient to challenge the state law on the same basis as that of the federal law, whether the law as applied meets a legitimate governmental purpose under *Turner*.  Therefore, the Court finds that the motion seeking dismissal of the plaintiffs state law claims on these grounds should be denied.  The Court should allow the state law claims challenging the constitutionality of restrictive visitation policy and the plaintiff's breach of duty claims to proceed against Travis, Tanner, Crawford, and Rigdon under its supplemental jurisdiction.

The Court also finds that its supplemental jurisdiction does not extend to any state law claims urged by Tyson against Travis, Tanner, Crawford, and Rigdon, in their official capacities.  The Eleventh Amendment bars suit in federal court against state officials where the state is the true party in interest.  *Hughes v. Savell*, 902 F.2d 376, 377 (5th Cir. 1990) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).  The Fifth Circuit has held that "a claim that state

officials violated *state* law in carrying out their official responsibilities is a claim against the State." (emphasis in original) *Hughes*, 902 F.2d at 378 (citing *Pennhurst*, 465 U.S. at 121); *Turner v. Wimberly*, No. 93-4163, 1994 WL 25525, at *1 (E.D. La. Jan. 21, 1994) (Carr, J.); *Chambers v. Stalder*, Nos. 92-1702/92-1901, 1992 WL 404269 (E.D. La. Dec. 29, 1992) (Fonseca, J.). It follows, therefore, that the Eleventh Amendment bars suit in federal court against a state defendant in his official capacity for alleged violations of state law. *Id.*; *accord Ebanks v. Stalder*, Nos. 95-1743/95-2575, 1995 WL 769726, at *5-6 (E.D. La. Dec. 27, 1995) (Duval, J.). Unlike with federal claims, this bar applies regardless of the nature of the relief sought. *Joe Conte Toyota, Inc. v. Toyota Motor Sales, USA, Inc.*, Nos. 93-4281/93-4219, 1994 WL 67896, at * (E.D. La. Feb. 17, 1994) (Carr, J.) (citing *Pennhurst*, 465 U.S. at 106 (*Ex Parte Young* exception does not extend to state law claims for prospective injunctive relief)).

An exception to the Eleventh Amendment prohibition exists where the State has expressly waived its sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. Furthermore, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Thus, the plaintiff's state law claims against the defendants Travis, Tanner, Crawford, and Rigdon, in their official capacities, are barred by the Eleventh Amendment. Because the Eleventh Amendment deprives this Court of jurisdiction over the claims against the State, those claims should be dismissed without prejudice. *See Warnock v. Pecos County, Tex.,* 88 F.3d 341, 343 (5th Cir.

1996). The defendants' Motion should be granted to the extent its seeks dismissal of these state law claims urged against Travis, Tanner, Crawford, and Rigdon, each in their official capacity.

Therefore, the Court should only exercise its supplemental jurisdiction over Tyson's state law claims challenging the constitutionality of the restrictive visitation policy and his breach of duty claims and allow these claims to proceed against Travis, Tanner, Crawford, and Rigdon, each in their individual capacities.[1]

## II. Recommendation

Therefore, after considering the defendants' **Motion for Partial Dismissal (Rec. Doc. No. 44)**, and for the reasons presented in the Partial Report and Recommendation (Rec. Doc. No. 101), and this Supplemental and Amended Partial Report and Recommendation, accordingly,

It is **RECOMMENDED** that the defendants' **Motion for Partial Dismissal (Rec. Doc. No. 44)** be **GRANTED in part and DENIED in part** in the following manner:

The Motion should be **GRANTED in part** as to Tyson's § 1983 claims against defendants Stalder and Travis, each in his official capacity, and these claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Motion should be **GRANTED in part** as to Tyson's state law claims against Stalder and LeBlanc, each in their individual capacity, and these claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] The Court notes that the defendants' Motion for Partial Dismissal does not address qualified immunity from suit under state law.

The Motion should be **GRANTED in part** as to Tyson's § 1983 claims for monetary damages arising out of the imposition of the contraband policy and related restrictions placed on his visitation against the defendants, Travis, Tanner, Crawford, and Rigdon, each in his individual capacity, because the defendants are entitled to qualified immunity, and these claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Motion should be **DENIED in part** to the extent the motion seeks dismissal of Tyson's § 1983 claims for declaratory and injunctive relief related to the validity of the contraband policy which led to the imposition of restrictions on his visitation and mandatory urine testing at his expense after his disciplinary conviction for possession of contraband drugs urged against LeBlanc, Tanner, Crawford, and Rigdon, each in his official capacity.

The Motion should be **GRANTED in part** as to Tyson's state law claims challenging the constitutionality of the restrictive visitation policy and his breach of duty claims against Travis, Tanner, Crawford, and Rigdon, each in their official capacity, and these claims should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because the Court lacks jurisdiction under the Eleventh Amendment.

The Motion should be **DENIED in part** as to the Tyson's state law claims challenging the constitutionality of the restrictive visitation policy and his breach of duty claims against Travis, Tanner, Crawford, and Rigdon, each in their individual capacity.

Upon acceptance of the recommendations herein, remaining before the Court should be Tyson's § 1983 claims seeking declaratory and injunctive relief against the defendants, LeBlanc,

Tanner, Crawford, and Rigdon, each in his official capacity, related to the application of, and challenge to the constitutionality of, La. Rev. Stat. Ann. § 15:1172(C) and La. Rev. Stat. Ann. § 15:875(C), and Tyson's state law claims challenging the constitutionality of restrictive visitation policy and breach of duty claims against Travis, Tanner, Crawford, and Rigdon, each in their individual capacity. These claims should **REMAIN REFERRED** to the undersigned magistrate judge for further pretrial proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 12th day of May, 2010.

                                                **KAREN WELLS ROBY**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.