UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTONIO TYSON                                                                CIVIL ACTION

VERSUS                                                                             NO. 08-4445

ROBERT C. TANNER-WARDEN, JEFFERY                          SECTION "I"(4)
TRAVIS-EX WARDEN, JAMES LEBLANC-
SECRETARY, RICHARD STALDER-EX
SECRETARY, TIM CRAWFORD-MAJOR,
WADE RIGDON-CAPTAIN

**O R D E R**

The Court, having considered the complaint, the record, the applicable law, the Partial Report and Recommendation, and the Supplemental and Amended Partial Report and Recommendation of the United States Magistrate Judge, and the objection by plaintiff, Antonio Tyson, which is hereby **OVERRULED**, approves the Partial Report and Recommendation and Supplemental and Amended Partial Report and Recommendation of the United States Magistrate Judge and adopts them as its opinion in this matter. Therefore,

**IT IS ORDERED** that the **Motion for Partial Dismissal (Rec. Doc. No. 44)** filed by the defendants former Secretary Richard Stalder, Secretary James LeBlanc, Warden Robert Tanner, former Warden Jeffery Travis, Major Tim Crawford, and Captain Wade Rigdon, is **GRANTED in part and DENIED in part** in the following manner:

The Motion is **GRANTED in part** as to the plaintiff Antonio Tyson's 42 U.S.C. § 1983 claims against defendants Stalder and Travis, each in his official capacity, and these claims are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Motion is **GRANTED in part** as to Tyson's state law claims against Stalder and LeBlanc, each in their individual capacity, and these claims are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Motion is **GRANTED in part** as to Tyson's § 1983 claims for monetary damages arising out of the imposition of the contraband policy and related restrictions placed on his visitation against the defendants, Tanner, Travis, Crawford, and Rigdon, each in his individual capacity, because the defendants are entitled to qualified immunity, and these claims are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Motion is **DENIED in part** to the extent the motion sought dismissal of Tyson § 1983 claims for declaratory and injunctive relief related to the validity of the contraband policy which led to the imposition of restrictions on his visitation and mandatory urine testing at his expense after his disciplinary conviction for possession of contraband drugs urged against LeBlanc, Tanner, Crawford, and Rigdon, each in his official capacity.

The Motion is **GRANTED in part** as to Tyson's state law claims challenging the constitutionality of the restrictive visitation policy and his breach of duty claims against Travis, Tanner, Crawford, and Rigdon, each in their official capacity, and these claims are **DISMISSED**

**WITHOUT PREJUDICE** for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because the Court lacks jurisdiction under the Eleventh Amendment.

The Motion is **DENIED in part** as to the Tyson's state law claims challenging the constitutionality of the restrictive visitation policy and his breach of duty claims against Travis, Tanner, Crawford, and Rigdon, each in their individual capacity.

Tyson's § 1983 claims seeking declaratory and injunctive relief against the defendants, LeBlanc, Tanner, Crawford, and Rigdon, each in his official capacity, related to the application of, and challenge to the constitutionality of, La. Rev. Stat. Ann. § 15:1172(C) and La. Rev. Stat. Ann. § 15:875(C), and Tyson's state law claims challenging the constitutionality of restrictive visitation policy and breach of duty claims against Travis, Tanner, Crawford, and Rigdon, each in their individual capacity remain referred to the Magistrate Judge for further pretrial proceedings.

New Orleans, Louisiana, this  27th  day of May, 2010

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**