UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO TYSON | CIVIL ACTION |
| VERSUS | NO. 08-4445 |
| ROBERT C. TANNER-WARDEN, JEFFREY TRAVIS-EX WARDEN, JAMES LEBLANC-SECRETARY, RICHARD STALDER-EX SECRETARY, TIM CRAWFORD-MAJOR, WADE RIGDON-CAPTAIN | SECTION "I"(4) |

**O R D E R**

Before the Court is an ex parte **Motion for Recusal (Rec. Doc. No. 124)** filed by the plaintiff, Antonio Tyson, in which he seeks the recusal of the undersigned Magistrate Judge for "deliberately misconstruing the facts and laws that governs this case to favor a trial . . . whereas plaintiff is clearly entitled to Judgment as a matter of law" and for "refusing to properly consider appoint [sic] counsel." Under a broad reading, Tyson's grounds appear to be based on the Court's prior rulings recommending the denial of his premature and/or meritless motions for summary judgment (Rec. Doc. Nos. 5, 7, 10, 46, 54) and denying his motions for appointment of counsel (Rec. Doc. Nos. 53, 59), all having been adopted by the District Judge over the objections of Tyson.

Pursuant to 28 U.S.C. § 455, a federal judge is to disqualify herself "in any proceeding in which his impartiality might reasonably be questioned." A judge must also disqualify herself under the various circumstances enumerated in § 455(b), including where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

The Supreme Court has long held that this recusal statute "'was never intended to enable a discontented litigant to oust a judge because of adverse rulings made.'" *Liteky v. U.S.*, 510 U.S. 540, 549 (1994) (quoting *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 44 (1913)). The Court recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Thus, a court's refusal to pre-judge the merits of a case at pretrial hearings or motions so that the matter can proceed to trial does not establish a deep-seated antagonism necessary to support a recusal. *See U.S. v. Byrd*, No. 08-50275, 2010 WL 1811883 (5th Cir. May 5, 2010) (citing *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)).

In this motion, Tyson has not alleged or demonstrated any bias or "deep-seated favoritism or antagonism," and the undersigned bears none to any party in this case. *See Stringer v. Astrue*, 252 Fed. Appx. 645, 648, 2007 WL 3151804, at *2 (5th Cir. Oct. 27, 2007) ("Intrajudicial factors 'do not constitute a basis for a bias ... motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'") (quoting *Liteky*, 510 U.S. at 555); *see also*, 28 U.S.C. § 144 (requiring a party moving for recusal based on personal bias or prejudice to file a timely affidavit stating the facts and the reasons for the belief that bias or prejudice). There is no basis for the granting of Tyson's motion under 28 U.S.C. § 455(a) or (b). *See Raborn v. Inpatient Mgt. Partners Inc.*, 352 Fed. Appx. 881, 854 (5th Cir. Oct. 26, 2009). Accordingly,

**IT IS ORDERED** that Tyson's **Motion for Recusal (Rec. Doc. No. 124)** is **DENIED**.

New Orleans, Louisiana, this ___24th___ day of June, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**