UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO TYSON | CIVIL ACTION |
| VERSUS | NO. 08-4445 |
| ROBERT C. TANNER-WARDEN, JEFFERY TRAVIS-EX WARDEN, JAMES LEBLANC-SECRETARY, RICHARD STALDER-EX SECRETARY, TIM CRAWFORD-MAJOR, WADE RIGDON-CAPTAIN | SECTION "I"(4) |

## PARTIAL REPORT AND RECOMMENDATION

The plaintiff, Antonio Tyson, filed this **Motion for Summary Judgment (Rec. Doc. No. 123)** seeking summary declaratory judgment "that all rules and regulations prescribed for the maintenance of good order and discipline by Rayburn's officials are unauthorized an [sic] in violation of all prisoners [sic] due process rights."  In the discernable portions of the motion, Tyson alleges that the Secretary of the Louisiana Department of Corrections has failed to proscribe rule and regulations for the placement of inmates in extended lockdown at the B.B. "Sixty" Rayburn Correctional Center. Instead, the employees at Rayburn create the rules without legal authority.  He also complains that the prisoners are not provided with copies of the rules governing the conditions of their confinement in lockdown.

This motion, along with the entire matter, was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and §**

**1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  The Court has determined that the motion can be resolved without an evidentiary hearing.

**I.      Factual Background**

      **A.      The Complaint and Amended Complaint**

The plaintiff, Antonio Tyson ("Tyson"), is incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.[1]  He filed the captioned *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, RCC Warden Robert C. Tanner, former Warden Jeffrey Travis, Major Tim Crawford, Captain Wade Rigdon, Louisiana Department of Corrections Secretary James LeBlanc, and former Secretary Richard Stalder, alleging due process and equal protections violations under the Fourth and Fourteenth Amendment of the U.S. Constitution and violations of the Louisiana Constitution as a result of the disciplinary policies and proceedings against him at RCC.[2]

The plaintiff alleges that, on March 14, 2007, July 23, 2007, December 6, 2007, and March 5, 2008, he was found guilty of a violating a prison regulation prohibiting him from the unauthorized possession his medication, catapress.  After the first two incidents, on March 14 and July 23, 2007, he was sentenced each time to serve 10 days in an isolation cell with a loss of 60 days of good-time credits.  He was also administratively placed on non-contact visitation and ordered to pay restitution for drug testing for six months pursuant to the order of Major Crawford.  After the incident, on December 6, 2007, he was sentenced to 20 days in an isolation cell.  Captain Rigdon also placed him on non-contact visitation and ordered him to pay restitution for drug testing for six months.  In connection with the March 5, 2008, disciplinary conviction, he was sentenced to 30 days in an

---

[1]Rec. Doc. No. 1.

[2]Rec. Doc. Nos. 1, 6.

isolation cell, with non-contact visitation and restitution for drug testing for another six months imposed by Captain Rigdon. The last two disciplinary sentences were imposed by Captain Rigdon.

Tyson argues that the restitution and non-contact visitation are not authorized punishments under La. Rev. Stat. Ann. § 15:875(C)(1), especially where he has had no positive drug tests.[3] He also alleges that he was denied his right to appeal the disciplinary actions because he never received notice of that right from the prison officials. He also claims that the disciplinary sentences were imposed without a fair hearing or finding of guilt as provided for in the prison rules.

As relief, Tyson seeks judgment declaring that RCC's policy of requiring restitution for negative drug test and non-contact visitation as additional disciplinary sentences violates Louisiana

---

[3]La. Rev. Stat. Ann. § 15:875 provides as follows in relevant part (footnote omitted):
C.(1) Restitution may be obtained by corrections services from an offender for the cost of drug testing when the results of the test are positive.
(2) The amount of restitution shall be for the actual cost of the drug testing.
D. The determination of restitution by the department shall be by disciplinary proceeding in accordance with the rules and regulations of the department. The department may promulgate and adopt, in accordance with the Administrative Procedure Act, specific rules and regulations governing the determination of restitution. The department shall not obtain restitution from an offender who appeals the findings of a determination proceeding until after the exhaustion of his remedies. The department shall render a report every calendar year to the division of administration detailing the amount withdrawn from each drawing or savings account, the purpose for which each withdrawal was made and the recipient, if any, of any funds so withdrawn for the payment of any expenses, other than to the department.
E. The amount of restitution may be obtained from an offender by freezing assets in his drawing and savings account and prohibiting withdrawals therefrom until the restitution is paid, whether from these accounts or from any other source by any other appropriate means. The accounts may be frozen regardless of the source of the assets contained therein and specifically including any assets of a juvenile sent to him by his parent or guardian and placed in his accounts. This Subsection shall not prohibit the withdrawal of funds for the purpose of payments under the Crime Victims Reparations Act, court costs as authorized by law, and other withdrawals specifically authorized by the warden or by the superintendent if the warden is unavailable, in that order.
F. The restitution collected from an offender under this Section shall be used to defray the expenses of his property damage or destruction, including repairing or replacing stolen property either not recovered or damaged, his medical expenses, his escape or attempted escape, or his drug testing.
G. Any offender who is transferred to another facility within or discharged from the department shall remain liable for any restitution authorized under this Section.
H. "Offender" means an adult or juvenile offender committed to the Department of Public Safety and Corrections at the time the property damage or destruction was sustained, or the medical expenses or escape costs were incurred.
I. This Section shall not be construed to prohibit or limit the imposition of any other disciplinary measures upon an offender as a result of his actions.

law and the Due Process clause.  He also seeks declaratory judgment that the denial of notice of his disciplinary appeal rights violated the Due Process and Equal Protection clauses.  He seeks to enjoin RCC and DOC from seeking restitution and enforcing non-contact visitation against him in violation of these state and federal laws.  He also request that he be awarded $5,000 in compensatory damages, the return of money paid in restitution, $10,000 in punitive damages, costs, appointment of counsel, and certification of a class.

Contemporaneous with the filing of the complaint, Tyson submitted an Amended Complaint, which added the State of Louisiana, through Louisiana Attorney General Charles C. Foti, Jr., as a defendant.  He also alleged that La. Rev. Stat. Ann. § 15:1172(C)[4] violates the Louisiana Constitution because it bars an inmate from seeking judicial review of the prison officials wrongful action where prison officials fail to provide the inmate with notice of his administrative appeal rights.  He also claims that prison officials act outside of their authority by failing to provide mandatory legal assistance in civil and criminal disciplinary matters and prohibit assistance from other inmates during disciplinary matters.

Tyson further alleges that the prison administrative process denies him the ability to seek redress in state and federal courts if he fails to timely pursue prison administrative remedies and review.  Under a broad reading of the amended complaint, he suggests that he was not advised of the administrative appellate process by RCC officials and was therefore deprived of his appellate rights and judicial review.

Tyson also alleges that he filed a grievance complaint with the prison officials about these matters. He claims that, on September 6, 2008, the Warden's office erroneously rejected the grievance.

---

[4]This provision reads as follows: "C. If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice."

He now seeks declaratory and injunctive relief with respect to the imposition of restitution and non-contact visitation and monetary damages.

### B. The *Spears* Hearing

Tyson testified that he has been incarcerated for 17 years. Tyson stated that he was written up around five times for possession of contraband when he was caught with one tablet of catapress, the medicine he is prescribed to take for high blood pressure. He indicated that, on each occasion, he was taken before the disciplinary board and given a sentence in isolation and/or a loss of good-time credits.

He complains further that, in addition to the sentence imposed by the disciplinary board, the prison officials also imposed a separate policy which caused him to lose his contact visits and required him to pay $10 a month for urine tests. He states that this policy violates Louisiana law and did not apply to him. He stated that the rule applies when an inmate is in possession of the contraband during visitation and has had a "dirty" urine test. He claims that he had the medicine in his cell and never had a positive urine test in all the time he has been incarcerated.

Tyson further testified that he appealed the disciplinary sentence to the DOC Secretary and his appeal was denied. He also indicated that he filed suit in East Baton Rouge Parish, as required by Louisiana law, challenging the forfeiture of good-time and the imposition of non-contact visitation. This proceeding had not been resolved at the time of the hearing.

Tyson also stated that the disciplinary charges arose out of the fact that he was found to be in possession of his catapress in between medication runs. He indicated that the guards would pass out the medication three times a day but they do not watch him take it. Sometimes, he would not take it right away. He also stated that a couple of guards would give him all three daily pills in one run because they did not want to make three runs a day.

Tyson stated that he sued Warden Tanner and Warden Travis because they were involved in the denial of his administrative remedy complaints, including ARP 206365. He also stated that the

policy regarding loss of contact visitation and restitution were posted while Warden Travis was in charge and he was originally responsible for the unlawful policy, which passed on to Tanner when he took over as warden. He conceded that he was not aware whether Tanner or Travis had personal knowledge of his complaints, although they were both policy-makers responsible for the posted policy at the prison and should have been aware of the facts from his ARP complaint.

He also claimed that he named Secretary LeBlanc and former Secretary Stalder as defendants because, as DOC secretaries, they are responsible for all matters at the DOC prisons and should know what is going on at each facility.

Finally, he testified that he named Crawford and Rigdon as defendants because they were the officers who wrongly applied the rule to him and actually notified him that he was subject to the loss of visitation and payment of restitution.

## II.  **Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id*. at 248.

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the

nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp*, 477 U.S. at 324. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

### III.   Analysis

The allegations and "uncontested facts" urged by Tyson in this motion are not related to the claims in this proceeding. A thorough reading of the motion fails to demonstrate any connection between the arguments made and the factual and legal claims actually before this Court. This case is not about notice to an inmate regarding placement in isolation or disciplinary confinement or the conditions thereof. This case is about the visitation restriction imposed on Tyson in connection with the hoarding of his medication in and prior to 2008. Tyson has failed to show his entitlement to relief as a matter of law related the true claims before the Court.

For the foregoing reasons, Tyson's motion should be denied because he has failed to demonstrate that he is entitled as a matter of law to the declaratory relief sought, and there remain issues of fact as to the relevance of his requested relief to the underlying claims in this action.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Tyson's **Motion for Summary Judgment (Rec. Doc. No. 123)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 26th day of July, 2010.

$$\text{_____}$$
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.