UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTONIO TYSON                                          CIVIL ACTION

VERSUS                                                 No. 08-4445

ROBERT C. TANNER, ET AL.                               SECTION I/4

**ORDER**

Before this Court is plaintiff Antonio Tyson's motion[1] to appeal the decision of the U.S. Magistrate Judge denying plaintiff's motion to supplement complaint. In his original motion, Tyson sought to add claims against defendant Tim Crawford for failing to recuse himself from disciplinary proceedings at the prison.[2] Tyson also alleged that Crawford notified him on March 22, 2010, that he was placed on sex offender visitation restriction with minors.[3] Tyson alleged that he had never been arrested for or convicted of a sex charge involving minors and this restriction should be removed.[4] He further alleged that, on April 23, 2010, the warden reversed another disciplinary sentence which revoked his earned good-time credits and imposed 10 days in isolation.[5] He sought to add claims for relief arising from these actions in the amount of $15,

---

[1]R. Doc. No. 149

[2]R. Doc. No. 102.

[3]*Id.*

[4]*Id.*

[5]*Id.*

1

500 and other declaratory relief.[6]

On July 21, 2010, U.S. Magistrate Judge Roby denied plaintiff's motion stating,

> The claims Tyson seeks to add are wholly unrelated to the issues before this Court. These new allegations do not relate to the visitation restriction imposed on Tyson in connection with the hoarding of his medication in and prior to 2008, which forms the basis of this action. It would be prejudicial to the defendants and a burden on the Court's docket to allow Tyson to make the instant action a melting-pot for every unrelated grievance he has against the prison officials. With no connexity between the 2010 disciplinary issues and the issues pending in this case, there exists a substantial reason to deny Tyson's motion.[7]

Plaintiff has appealed this decision.

Pursuant to Federal Rule of Civil Procedure 72(a), nondispositive pretrial matters decided by the magistrate may be appealed to the district judge. The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). In the instant case, the U.S. Magistrate Judge ruled that Tyson's new claims against Crawford were unrelated to the issues pending before the Court and would therefore prejudice the defendants. After reviewing the applicable law and the U.S. Magistrate Judge's order, this Court finds that denial of defendant's motion to supplement complaint was not clearly erroneous or contrary to law.[8]

Accordingly,

---

[6]*Id.*

[7]R. Doc. No. 145.

[8]This Court notes that no determination as to the merits of Tyson's new claims has been made. See Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 389 (5th Cir. 1982) ("A denial of leave to amend need not mean that the claim sought to be asserted will never be heard in any court. . .the denial does not bar the unrelated claim forever; it merely tells the plaintiff that he has chosen the wrong forum or time to assert it.").

2

**IT IS ORDERED** that plaintiff's appeal of the Magistrate Judge's order is **DENIED**.

New Orleans, Louisiana, August 31, 2010.

						_____
						**LANCE M. AFRICK**
						**UNITED STATES DISTRICT JUDGE**