UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO TYSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4445** |
| **ROBERT C. TANNER-WARDEN, JEFFERY TRAVIS-EX WARDEN, JAMES LEBLANC-SECRETARY, RICHARD STALDER-EX SECRETARY, TIM CRAWFORD-MAJOR, WADE RIGDON-CAPTAIN** | **SECTION "I"(4)** |

## ORDER AND REASONS

Before the Court are three motions filed by the plaintiff, Antonio Tyson, seeking to add claims to the captioned litigation. In his pleading entitled **"Request Leave to Amend Complaint" (Rec. Doc. No. 162)**, Tyson seeks to add a claim that he and similarly situated inmates are subjected to disciplinary and administrative punishment without notice and to reiterate "all of his prior claims and relief" without designation. In his next two motions, entitled **"Request Leave to Supplement Complaint" (Rec. Doc. No. 169)** and **"Request Leave to Amend Complaint" (Rec. Doc. No. 195)**, Tyson seeks to add claims against new and existing defendants related to disciplinary matters arising on August 21 and August 30, 2010. He also again reiterates without designation his prior claims and relief in both motions.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ.

P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Trial Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

As Tyson has been advised previously, this case has been pending before the Court since September of 2008. His efforts to now add claims occurring in August of 2010 is unjust. Once again, the claims Tyson seeks to add are wholly unrelated to the specific incidents and issues before this Court. These new allegations do not relate to the visitation restriction imposed on Tyson in connection with the hoarding of his medication in and prior to 2008, which forms the basis of this action. It would be prejudicial to the defendants and a burden on the Court's docket to allow Tyson

to make the instant action a melting-pot for every unrelated grievance he has against the prison officials.  With no connexity between the 2010 disciplinary issues and the issues pending in this case, there exists a substantial reason to deny Tyson's motion.  Accordingly,

**IT IS ORDERED** that Antonio Tyson's **"Request Leave to Amend Complaint" (Rec. Doc. No. 162)**, **"Request Leave to Supplement Complaint" (Rec. Doc. No. 169)**, and **"Request Leave to Amend Complaint" (Rec. Doc. No. 195)** are **DENIED**.

New Orleans, Louisiana, this 4th day of November, 2010

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**