UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO TYSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-4445** |
| **ROBERT C. TANNER, ET AL.** | **SECTION I/4** |

## ORDER

Before this Court is plaintiff Antonio Tyson's motion[1] to appeal the decision of the U.S. Magistrate Judge denying[2] plaintiff's motions to amend and supplement his complaint. In his motions, Tyson sought to add claims that he and similarly situated inmates are subjected to disciplinary and administrative punishment without notice, and claims related to disciplinary matters arising on August 21 and August 30, 2010.[3]

On November 4, 2010, U.S. Magistrate Judge Roby denied plaintiff's motions stating,

> His efforts to now add claims occurring in August of 2010 is unjust. Once again, the claims Tyson seeks to add are wholly unrelated to the specific incidents and issues before this Court. These new allegations do not relate to the visitation restriction imposed on Tyson in connection with the hoarding of his medication in and prior to 2008, which forms the basis of this action. It would be prejudicial to the defendants and a burden on the Court's docket to allow Tyson to make the instant action a melting-pot for every unrelated grievance he has against the prison officials. With no connexity between the 2010 disciplinary issues and the issues pending in this case, there

---

[1] R. Doc. No. 207

[2] R. Doc. No. 200.

[3] R. Doc. Nos. 162, 169, 195.

1

exists a substantial reason to deny Tyson's motion[s].[4] Plaintiff has appealed this decision.

Pursuant to Federal Rule of Civil Procedure 72(a), nondispositive pretrial matters decided by the magistrate may be appealed to the district judge. The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). In the instant case, the U.S. Magistrate Judge ruled that Tyson's new claims were unrelated to the issues pending before the Court and would therefore prejudice the defendants. After reviewing the applicable law and the U.S. Magistrate Judge's order, this Court finds that denial of defendant's motions to amend and supplement his complaint was not clearly erroneous or contrary to law.[5]

Accordingly,

**IT IS ORDERED** that plaintiff's appeal of the Magistrate Judge's order is **DENIED**.

New Orleans, Louisiana, December 21, 2010.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[4]R. Doc. No. 200.

[5]This Court notes that no determination as to the merits of Tyson's new claims has been made. See Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 389 (5th Cir. 1982) ("A denial of leave to amend need not mean that the claim sought to be asserted will never be heard in any court. . .the denial does not bar the unrelated claim forever; it merely tells the plaintiff that he has chosen the wrong forum or time to assert it.").